UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, and APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY CARPENTERS RELIEF AND CHARITY FUND, THE NEW YORK CITY AND VICINITY CARPENTERS LABOR-MANAGEMENT CORPORATION, and the NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS,<br><br>Petitioners,<br><br>-against-<br><br>WIN BELLEVILLE, LLC a/k/a WIN DEVELOPMENT INC.,<br><br>Respondent. | 18 CV _____<br><br>**PETITION TO CONFIRM AN ARBITRATION AWARD** |

Petitioners, Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund, Trustees of the New York City Carpenters Relief and Charity Fund, the New York City and Vicinity Carpenters Labor Management Corporation (the "Funds"), and the New York City District Council of Carpenters (the "Union") (together with the Funds, the "Petitioners"), by and through their attorneys, Virginia & Ambinder, LLP ("V&A"), as and for their Petition to Confirm an Arbitration Award, respectfully allege as follows:

**NATURE OF THE ACTION**

1.      This is an action under section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, to confirm and enforce an Arbitrator's Award rendered pursuant to a collective bargaining agreement ("CBA") involving the Union and Win Belleville, LLC a/k/a Win Development Inc. ("Respondent").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 185.

3. Venue is proper in this Court pursuant to 29 U.S.C. § 185(c) because the Union is located and administered in this district.

## THE PARTIES

4. Petitioners Trustees of the New York City District Council of Carpenters Pension, Welfare, Annuity, Apprenticeship, Journeyman Retraining and Educational and Industry Funds (the "ERISA Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with ERISA. The Trustees are fiduciaries of the ERISA Funds within the meaning of section 3(21) of ERISA, 29 U.S.C. § 1002(21). The ERISA Funds maintain their principal place of business at 395 Hudson Street, New York, New York 10014.

5. Petitioners Trustees of the New York City District Council of Carpenters Relief and Charity Fund (the "Charity Fund") are Trustees of a charitable organization established under section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3). The Charity Fund maintains its principal place of business at 395 Hudson Street, New York, New York 10014.

6. Petitioner New York City and Vicinity Carpenters Labor-Management Corporation is a New York not-for-profit corporation.

7. Petitioner Union is a labor organization that represents employees in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142, and is the certified bargaining representative for certain employees of the Respondent. The Union maintains its principal place of business at 395 Hudson Street, New York, New York 10014.

8. Respondent is a domestic limited liability corporation incorporated under the laws of the State of New Jersey. At relevant times, Respondent was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142. Respondent maintains its principal place of business at 2165 Louisa Drive, Belleaire Beach, Florida 33786.

## THE ARBITRATION AWARD

9. On June 15, 2017, Respondent executed a project agreement (the "PLA"), effective June 20, 2017, for the project known as Belleville NJ Walgreens located at 175 Washington Avenue, Belleville, New Jersey 07109. A copy of the PLA is attached hereto as **Exhibit A**.

10. On or around June 16, 2017, Respondent executed an Administration Form in connection with its work under the PLA. A copy of the Administration Form is annexed hereto as **Exhibit B**.

11. The PLA incorporates the Independent Building Construction Agreement with the Union (the "CBA") for the duration of the PLA. A copy the CBA is attached hereto as **Exhibit C**.

12. The CBA requires Respondent to remit contributions to the Funds for every hour worked by its employees within the trade and geographical jurisdiction of the Union. Ex. C, Art. XV § 1.

13. Under both the PLA and CBA, Respondent was required to furnish its books and payroll records when requested by the Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions. Ex. A ¶ 1.; Ex. C, Art. XV § 1.

14. The PLA and CBA bind Respondent to the Funds' Revised Statement of Policy for Collection of Employer Contributions (the "Collection Policy"). Ex. A ¶ 2.; Ex. C, Art. XV § 3. A copy of the Collection Policy is annexed hereto as **Exhibit D**.

15. The PLA requires Respondent "to arbitrate any and all disputes arising out of the [CBA] as provided in the [CBA], regardless of termination of this project." Ex. A ¶ 3.

16. The CBA provides that in the event that a "dispute or disagreement arise between the parties hereto . . . concerning any claim arising from payments to the Fund of principal and/or interest which is allegedly due, either party may seek arbitration of the dispute before the impartial arbitrator . . . ." Ex. C, Art. XV § 7.

17. The CBA further provides that:

> In the event that formal proceedings are instituted before a court of competent jurisdiction by the trustees of a Benefit Fund or Funds to collect delinquent contributions to such Fund(s), and if such court renders a judgment in favor of such Fund(s), the Employer shall pay to such Fund(s), in accordance with the judgment of the court, and in lieu of any other liquidated damages, costs, attorney's fees and/or interest, the following:
>
>   (1) the unpaid contributions; plus
>   (2) interest on the unpaid contributions determined at the prime rate of Citibank plus 2%; plus
>   (3) an amount equal to the greater of --
>        (a) the amount of the interest charges on the unpaid contributions as determined in (2) above, or
>        (b) liquidated damages of 20% of the amount of the unpaid contributions; plus
>   (4) reasonable attorney's fees and costs of the action; and
>   (5) such other legal or equitable relief as the court deems appropriate.

Ex. C, Art. XV § 6(a).

18. Pursuant to the CBA, Petitioners conducted an audit of Respondent's books and records covering the period June 20, 2017 through the September 5, 2017 (the "Audit") in order to determine whether Respondent had remitted the proper amount of contributions to the Funds. The Audit revealed that Respondent failed to remit all required contributions to the Funds.

19. A dispute arose between the parties when Respondent failed to remit the delinquency revealed by the Audit.

20. Pursuant to the PLA and CBA's arbitration clauses, Petitioners initiated arbitration before the designated arbitrator, Roger E. Maher. Said arbitration was noticed by having the Arbitrator's Notice of Hearing sent to Respondent by regular and certified mail. A copy of the Notice of Hearing is attached hereto as **Exhibit E**.

21. Thereafter, the arbitrator held a hearing and rendered his award, in writing, dated May 10, 2018, determining said dispute (the "Award"). A copy of the Award is attached hereto as **Exhibit F**.

22. Consequently, the arbitrator found that Respondent violated the CBA and ordered Respondent to pay the Funds the sum of $37,420.34, consisting of: (1) the principal deficiency contained in the Audit of $28,333.80; (2) interest thereon of $956.98; (3) liquidated damages of $5,666.76; (4) non-audit late payment interest of $25.03; (5) assessments to the promotional fund of $37.77; (6) court costs of $400; (7) attorneys' fees of $1,500; and (8) the arbitrator's fee of $500. Ex. F.

23. The arbitrator also found that interest of 5.75% will accrue on the Award from the date of the issuance of the Award. Ex. F.

24. As of the date of this Petition, Respondent has failed to pay any portion of the Award.

25. The Award has not been vacated or modified and no application for such relief is currently pending.

26. Petitioners are entitled to the reasonable attorneys' fees and costs expended in this matter pursuant to Article XV § 6(a) of the CBA.

27. The Collection Policy states that "[a]ttorneys' fees shall be assessed against a delinquent employer, at the same hourly rate charged to the Funds for such services . . . for all time spent by Collection Counsel in collection efforts . . . ." Ex. D, § V(6).

28. Copies of V&A's contemporaneous time records, reflecting all time spent and all activities performed in the prosecution of this matter by its attorneys and staff, are annexed hereto as **Exhibit G**.

29. I, Paige Davis ("PD" in the accompanying billing records), am a 2016 graduate of Indiana University Maurer School of Law and an associate at V&A. My primary practice area is ERISA litigation. V&A billed my time at a rate of $275 per hour. Ex. G.

30. Todd Dickerson ("TD" in the accompanying billing records) is a 2013 graduate of the University of Illinois College of Law and "Of Counsel" at V&A. Mr. Dickerson has regularly served as lead counsel for multiemployer employee benefit plans in ERISA litigation since joining V&A. Before joining V&A, Mr. Dickerson regularly served as lead counsel in labor and employment lawsuits in both state and federal court. V&A billed Mr. Dickerson's time at a rate of $350 per hour. Ex. G.

31. V&A billed the legal assistants' time at a rate of $120 per hour for work performed in connection with this action. Ex. G.

32. All of the above-referenced rates are the result of negotiations between V&A and the Funds regarding the proper hourly rates to compensate V&A's attorneys and legal assistants for their services.

33. V&A's total billings in this matter amount to $647.50 reflecting 2.30 hours of work. Ex. G.

34. In addition, V&A will advance $75 in service fees in connection with this matter.

35. A Proposed Judgment is attached hereto as **Exhibit H.**

**WHEREFORE,** Petitioners respectfully request that this Court:

(1) Confirm the Award in all respects;

(2) Award judgment in favor of the Petitioners and against Respondent in the amount of $37,420.34, plus interest from the date of the Award through the date of judgment with interest to accrue at the annual rate of 5.75% pursuant to the Award;

(3) Award judgment in favor of the Petitioners and against Respondent in the amount of $647.50 in attorneys' fees and $75 in costs arising out of this petition;

(4) Award post-judgment interest at the statutory rate; and

(5) Award Petitioners such other and further relief as is just and proper.

Dated: New York, New York  
June 14, 2018

Respectfully submitted,

**VIRGINIA & AMBINDER, LLP**

By: /s/  
Paige Davis, Esq.  
Todd Dickerson, Esq.  
40 Broad Street, 7th Floor  
New York, New York 10004  
Telephone: (212) 943-9080  
Fax: (212) 943-9082  
*Attorneys for Petitioners*